## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| TONJIA C. WINGO, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:19-cv-00351-JD-MGG |
| v. | ) | |
| | ) | |
| RITE OF PASSAGE DePAUL | ) | |
| ACADEMY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## STATUS REPORT OF DEFENDANTS RITE OF PASSAGE DePAUL ACADEMY, IKE SHIPMEN, AND MICHELLE RUTH

Come now, Defendants Rite of Passage DePaul Academy, Ike Shipmen, and Michelle Ruth, by and through counsel, and in response to this Court's Order [Doc 9] submit the following Status Report:

(1) Nature of the case / principal factual and legal issues: In October 2017, Plaintiff Tonjia Wingo was hired as a Coach Counselor at Rite of Passage DePaul Academy. Rite of Passage ("ROP") is an alternative disciplinary facility for at-risk youth in the juvenile system. Part of Plaintiff's job responsibility was to participate in at least 50% of the daily exercise required of the juveniles. The job also entailed being physically capable of restraining juveniles and responding to any threats that may occur such as runaways, riots, fights, etc. When Plaintiff was hired, he indicated and signed documentation to the effect that he did not need any accommodation to do his job duties, which included physical requirements such as "exerting in excess of 100 pounds of force occasionally." Also, the physical requirements written in the job description listed physical activity "as a hazardous condition of the job."

1

Plaintiff filed a charge of discrimination on July 12, 2018, alleging both age and disability discrimination. The EEOC dismissed the charge and issued a Notice of Rights on September 13, 2018.

Plaintiff filed a second charge with the EEOC on October 4, 2018, alleging retaliation. Before the EEOC could issue its decision, Plaintiff filed a third charge, thereby amending the second charge, with the EEOC on November 29, 2018, alleging discrimination based on race, retaliation, age, and disability. The EEOC dismissed the charge and issued a Notice of Rights on February 11, 2019.

Plaintiff filed his pro se Complaint on May 6, 2019, alleging what amounts to wrongful termination and disability discrimination.

Principal factual issues:

   (a) Whether Plaintiff provided the proper documentation supporting his need for accommodations.

   (b) Whether Plaintiff failed to meet the requirements of his position despite being provided accommodations.

   (c) Whether Defendants' request for additional documentation was justified under the ADA.

Principal legal issues:

   (a) Whether Plaintiff's claims for disability discrimination are time barred based on the EEOC Notice of Rights issued on September 13, 2018.

   (b) Whether Plaintiff was unable to perform the essential functions of his job based on his alleged disability and despite reasonable accommodations.

(c) Whether Plaintiff failed to properly participate in the interactive process under the ADA.

(d) Whether Plaintiff was properly terminated based on his continued performance issues and failure to engage in the interactive process.

(2) Whether all parties have been served, or any parties dismissed: Defendants waived service. The Waiver of Service of Summons was submitted by counsel on June 7, 2019. No party has been dismissed.

(3) Discovery: Defendants intend to seek standard discovery in the form of Interrogatories, Requests for Production, and Requests for Admission. Defendants will also seek the deposition of Plaintiff. Defendants expect discovery to be completed within six (6) months. Defendants do not anticipate any limitations other than those set forth in the Civil Rules.

(4) Time within which amendments to the pleadings shall be allowed: Defendants suggest that any amendments to the pleadings be done by September 30, 2019.

(5) Motions (pending and anticipated): Currently, no motions are pending. Defendants anticipate filing a Motion for Summary Judgment.

(6) Deadline for dispositive motions: Defendants suggest the deadline for dispositive motions be set for January 31, 2020.

(7) Whether any aspects of the case have been stipulated or settled / ADR: Defendants do not anticipate any aspects of the case being stipulated or settled. Based on the known facts, Defendants do not believe that alternative dispute resolution is warranted.

(8) Whether the parties have considered litigating this matter under the Court's consent procedure: The Court's Order [Doc 9] references a two-page consent form, however, neither Defendants nor undersigned counsel received any document contemporaneously

with the Court's Order. However, to the extent the document relates to consent for the matter to be handled and tried by Magistrate Judge Michael G. Gotsch, Sr., Defendants consent to such handling.

Dated: August 9, 2019                     Respectfully submitted,

                                       /s/ Vincent P. Antaki
                                       Vincent P. Antaki #22260-15
                                       **REMINGER CO., L.P.A.**
                                       College Park Plaza
                                       8909 Purdue Road, Ste. 200
                                       Indianapolis, IN 46268
                                       T: 317-663-8570 / F: 317-663-8580
                                       vantaki@reminger.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 9, 2019, the foregoing was filed electronically.  Notice of

this filing will be sent to the following persons by operation of the Court's electronic filing system.

The following individuals will also be served via regular U.S. Mail.

Tonjia C. Wingo, Sr.
24581 Nash Avenue
South Bend, IN 46619


/s/ Vincent P. Antaki
Vincent P. Antaki #22260-15
**REMINGER CO., L.P.A.**